UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
NOBLE SECURITY, INC. et al.,                   :

        Plaintiffs,                                   :       <u>ORDER</u>

  -v.-                                                      :
                                                                16 Civ. 9129 (MMG) (GWG)
ACCO BRANDS CORPORATION                        :

        Defendant.                                    :
---------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

      Before the Court are multiple letter applications to seal documents submitted in connections with the parties' motions for summary judgment. <u>See</u> Docket ## 146, 147, 157, 162, and 169.

      The redaction of portions of or entire documents filed in court is governed by the exacting standards of <u>Lugosch v. Pyramid Co. of Onondaga</u>, 435 F.3d 110, 124 (2d Cir. 2006). <u>See</u> <u>Oklahoma Firefighters Pension and Ret. System v. Musk</u>, 2024 WL 2305264, at *1 (S.D.N.Y. May 20, 2024). The letter applications in this case either are conclusory or rely on the fact that the redacted materials were designated by the parties under a confidentiality order. The applications are thus insufficient. <u>See</u> <u>Bernstein v. Bernstein Litowitz Berger & Grossmann LLP</u>, 814 F.3d 132, 144-45 (2d Cir. 2016) ("[b]road and general findings and conclusory assertions are insufficient to justify deprivation of public access to the record") (punctuation altered); <u>Lugosch</u>, 435 F.3d at 126 ("the mere existence of a confidentiality order says nothing about whether complete reliance on the order to avoid disclosure [is] reasonable") (citation omitted); <u>Dandong v. Pinnacle Performance Ltd.</u>, 2012 WL 6217646, at *2 (S.D.N.Y. Dec. 3, 2012) ("The consent of the parties is not a valid basis to justify sealing, as the rights involved are the rights of the public.") (citation and internal quotation marks omitted).

      Accordingly, the motions to seal (Docket ## 146, 147, 157, 162, and 169) are denied. The Court will not order unsealing of the documents at this time but will instead give any party that seeks to seal any documents an opportunity to make a proper sealing application. Any such application shall be filed by February 13, 2025, and shall comply with <u>Lugosch</u> and its progeny. The Court warns the parties that any such application will likely be denied to the extent it seeks the redaction of any document in its entirety as it is obvious that there is no justification for the redaction of large portions of documents currently filed in redacted form. Instead, an applicant must propose the narrowest possible set of redactions (if any).

      Any application shall be made by letter or memorandum of law and shall specifically identify each portion of a document sought to be filed in redacted form and, for each redaction

(or grouping of redactions, if related) explain in detail the justification for the redaction in accordance with case law.[1]

     If no application is filed by the deadline above, the Court will order the unsealing of the sealed documents.

     SO ORDERED.

Dated: February 6, 2025
       New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

---

[1] The Court assumes the application may be made without including or quoting from material proposed to be redacted. But if this is not possible, and the application to seal itself contains material that a party in good faith believes is permissibly sealed under Lugosch, the applicant shall (1) file the application under seal and (2) publicly file the application in redacted form (that is, in a form that redacts material properly redacted under Lugosch). The version of the application filed under seal shall highlight the redactions or otherwise clearly indicate where they occur.