USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___5/1/2026___

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NOBLE SECURITY, INC., et al,

                    Plaintiffs,

       -against-

ACCO BRANDS CORPORATION,

                  Defendant.

16-CV-09129 (MMG)

**ORDER**

MARGARET M. GARNETT, United States District Judge:

Plaintiffs initiated this case on November 23, 2016. Dkt. No. 1. On September 19, 2025, the Court ruled on the parties' cross-motions for summary judgment, granting Plaintiffs' motion as to Defendant's claims against Plaintiff Meir Avganim, granting Defendant's motion as to the '476 Patent only, and denying summary judgment on all other claims. Dkt. No. 215 (the "Opinion"). As part of the Opinion, the Court held that Plaintiffs granted an implied license for one of their patents (the "Implied License Holding"). *Id.* at 10 (Section II.B.). After issuing the Opinion, the Court scheduled the case for trial. Dkt. No. 231. However, on April 1, 2026, the parties reached a settlement. Dkt. No. 251. Pursuant to the parties' agreement, Plaintiffs subsequently withdrew all claims against Defendant as well as their motion for summary judgment. Dkt. No. 252-1 at 2. To assist in effectuating the settlement, Plaintiffs also moved, pursuant to Federal Rule of Civil Procedure 54(b), to vacate the Court's Implied License Holding, with Defendant's consent. Dkt. No. 252. For the reasons set forth below, Plaintiffs' motion is GRANTED.

Federal Rule of Civil Procedure 54(b) allows for "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties" to be "revised at any time before the entry of a judgment adjudicating all the claims

1

and all the parties' rights and liabilities." *See also Exp.-Imp. Bank of Republic of China v. Cent. Bank of Liberia*, No. 15-CV-09565 (ALC), 2017 WL 6398726, at \*3 (S.D.N.Y. Dec. 13, 2017) ("district courts are 'empowered to revisit and vacate any non-final order at any time before the entry of a judgment.'") (quoting *Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp.,* 619 F.3d 207, 212 (2d Cir. 2010)).  An order denying summary judgment or granting partial summary judgment is a non-final order. *LaTrieste Rest. & Cabaret, Inc. v. Vill. of Port Chester,* 96 F.3d 598, 599 (2d Cir. 1996).  Accordingly, the Opinion, including the Implied License Holding, is subject to revision pursuant to Rule 54(b).

Plaintiffs seek to vacate Section II.B. of the Opinion.  "Vacatur of a decision is appropriate where it benefits the parties but does not run counter to any public interest."  *Exp.-Imp. Bank of Republic of China,* 2017 WL 6398726, at \*3.  Here, vacatur would benefit the parties and serve the public interest.  Based on Plaintiffs' representation to the Court, vacatur of Section II.B. of the Opinion is a condition of settlement.  Defendant, who is the beneficiary of Section II.B., consents to the vacatur.  Vacating this section of the Opinion will thus benefit the parties by effectuating their settlement agreement and conserving the costs and efforts required for trial.  As to the public interest, as other courts in this District have noted, the opinion has "no valid or binding precedential effect on other cases. Its sole effect beyond that on the immediate parties would be its persuasive, not precedential or binding effect, unaffected by the grant or denial of the motion to vacate."  *IBM Credit Corp. v. United Home for Aged Hebrews*, 848 F. Supp. 495, 497 (S.D.N.Y. 1994); *see also Exp.-Imp. Bank of Republic of China,* 2017 WL 6398726, at \*4.  Accordingly, vacating this section of the Opinion would not run counter to any public interest.  Finally, "there is a 'strong judicial policy in favor of settlements.'" *Melendez v. Rockaway Maint. Partners Corp.,* No. 22-CV-10679 (LJL), 2023 WL 8113382, at \*3 (S.D.N.Y.

Nov. 22, 2023) (quoting *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 116 (2d Cir. 2005)). Accordingly, the relevant factors, along with considerations of judicial policy, all weigh in favor of vacatur.

## CONCLUSION

For the reasons set forth above, Plaintiffs' motion to vacate Section II.B. of the Opinion, and its holding regarding an implied license for the '467 Patent, is GRANTED. That section of the Opinion should not be relied upon by anyone, for any purpose. The Clerk of Court is respectfully directed to terminate Dkt. Nos. 252 and 253.

Dated: May 1, 2026
New York, New York

SO ORDERED.

_____
MARGARET M. GARNETT
United States District Judge